**IN THE MATTER OF:**

Ralph F. Holley,

     Debtor

and

Melonee Monson,

     Debtor,

Bankruptcy Case No.: 12-33873-dof
Chapter 7

Bankruptcy Case No.: 13-30577-dof
Chapter 7

_____/

## CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF ANY CLAIMS, INTERESTS AND LIENS WITH ANY SUCH LIENS, CLAIMS AND INTERESTS TRANSFERRING TO THE PROCCEDS, AND TO APPROVE SALE PROCEDURES AND FOR OTHER RELIEF

     Collene K. Corcoran, Trustee ("Trustee"), by and through her counsel, Beadle Smith, PLC, hereby states for Trustee's Motion for Authority to Sell the home located at 7475 Heather Mead Lane, West Bloomfield, Michigan 48322, pursuant to 11 U.S.C. §363, 11 U.S.C., F.R.Bankr.P. 2002 and 6004, and E.D.Mich.LBR 6004-1 and 9014-1. The sale will be free and clear of any claims, interests and liens, with liens, claims and interests attaching to proceeds. In support thereof the Trustee states as follows:

     1.    On September 25, 2012, the Debtor Ralph F. Holley filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code and Melonee Monson, filed a Petition under Chapter 13 in Seattle, Washington, on November 11, 2012. The debtor Melonee Monson's case was transferred back to Michigan and the Melonee Monson case has since been converted to a Chapter 7 proceeding.

     2.    Subsequent to the aforementioned filings, Collene K. Corcoran was appointed the duly qualified and acting Trustee in the Ralph F. Holley bankruptcy estate and the Melonee Monson bankruptcy estate. An Order for Joint Administration was previously entered.

     3.    In order for Trustee to fulfill her responsibilities, it was necessary and is necessary

for the Trustee to administer this asset.

4. The Debtors have made no payments for several years toward any liens that exist against the real property, have incurred additional charges against the real property, have failed to pay the real property taxes and have not provided the creditors with proof of insurance. The debtors list the real property at a value of $400,000 in their petition and schedules. The debtors have joint and individual debt.

5. The debtor Ralph Holley has no allowed exemptions in the home and his original claimed exemption in the real property was denied in its entirety. Debotr Melonee Monson has no allowed exemptions in the real property.

6. The home of the debtors located at 7475 Heather Mead Lane, West Bloomfield, MI 48322 must be sold ("Property").

7. The Trustee, with Court approval, retained Benjamin Management Group to market and sell the Debtors property and the Trustee sought and obtained an Order from the Court compelling the listing and to permit access to the real property.

8. Under 28 U.S.C. §§ 157 & 1334, and E.D. Mich. LR 83.50, the Court has jurisdiction.

9. Under 28 U.S.C. §157(b)(2), this is a core proceeding and the Court therefore may enter final orders.

10. The Debtors own a parcel of real estate which is the subject of a foreclosure lawsuit pending in the Oakland County Circuit Court by Christine D'Luge. That Creditor is owed in excess of One Hundred Fifty Eight Thousand ($158,000) Dollars.

11. The Oakland County Treasurer has real property tax liens against the real property for 2010, 2011 and 2012

12. Upon information and belief, the Bloomfield Pines Subdivision Homeowners Association has a lien against the real property in an amount in excess of $1,118.00.

2

13.     Upon information and belief, Ecast Settlement Corporation has two liens against the real property in the amount of $23,347.13 and $19,287.83.

14.     Upon information and belief, LeVasseur Dyer & Associates, has two liens against the property in the amounts of $2,262.27 and $2,262.27.

15.     Upon information and belief, Razor Capital II, LLC has a lien against the property in the amounts of $1,231.94.

16.     Upon information and belief, West Bloomfield Township has a tax lien against the real property for summer 2013 taxes for a total of approximately $3,200.00.

17.     The Trustee has received an initial offer from a third party of $451,000 on the property ("initial bidders").

18.     The debtors have recently amended their exemptions. Notwithstanding the exemptions, there will be monies left over for the debtors after the sale of the real estate for the Debtors.

19.     The real property will be sold as is, by Trustee's Deed, without representation or warranties, whether expressed or implied, including, but not limited to, any warranties of merchantability, fitness for a particular purpose, or habitability.

### Authority to Sell Property Free and Clear of Liens, Claims and Encumbrances

20.     Bankruptcy Code §363(b) provides that after notice and a hearing, a Trustee may sell property of the estate. Under 11 U.S.C. §541, this real property is property of the Estate.

21.     Under §363(f) of the Bankruptcy Code, a Trustee may sell property of the estate free and clear of any interest if:

- Such a sale is permitted under applicable non-bankruptcy law;
- The party asserting the interest consents to the sale;
- The property interest is subject to a bona-fide dispute; or
- The party asserting the property interest could be compelled, in a legal or

3

equitable proceeding, to accept a money satisfaction for such interest.

22.    The Court may approve a sale free and clear of all property interests, and transfer all liens, claims and interests to the proceeds so long as one of the requirements of §363(f) is satisfied. [1]

23.    The Trustee believes that the proposed sale meets one or more of the requirements for approval under §363(f).

24.    The real property taxes owed on this property have been forfeited and will be the subject of a foreclosure action in January 2014.

25.    Since the debtors, co-owner or any other junior liens can be compelled, in a legal or equitable proceeding, to accept a money satisfaction for their interests, the above agreement is reasonable and in the best interests of the Estate.

26.    Thus, the Court may order for a sale free and clear of any interests, including the interest of the lienholder, Christine D'Luge and the other lien holders listed above.. And under the proposed order, any other liens, may not assert a secured claim to the sale proceeds, but will instead have only an unsecured claim for any amounts owing to them.

### Authority to Pay Closing Costs, Redemption Amount and Taxes at Closing

27.    Besides authority to sell the property, the Trustee also asks that the Court to authorize the Trustee to pay, at closing, real estate commissions, any outstanding taxes, any outstanding utilities, and other expenses associated with the sale.

### Sale Free and Clear of All Interests, Encumbrances and Claims

28.    According to the Debtors schedules, they do not have an exemptible interest in the real property as of the date of this Motion. However, notwithstanding the pending amendments, there will be excess funds that will be remitted to the Debtors after all claims have been paid.

29.    The Debtors have not consented to the sale of the Property and have indicated that

---

[1]See, e.g., In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988).

they do not intend to match any offers as they have submitted motion to sell the real property to a relative for $276,000, well below the current sale price. Under this offer the Debtors allegedly do not have to vacate the real property.

30.    The Trustee believes that the real property can be sold under 11 U.S.C. §363(a) as there is no detriment to any interested party, all creditors will be paid and the debtors can walk away from this sale with in excess of $100,000 from the sale.

31.    Nevertheless, under Bankruptcy Code §363(g), the Trustee asks that the proposed sale be free and clear of any vested or contingent right in the nature of dowery, subject to the right-of-first refusal provided under Bankruptcy Code §363(i).

## Additional Sale Terms

32.    The sale is subject to higher or better offers that she receives in advance of the date of the entry of an Order in this matter and that the offers must be transmitted to the realtor for the Estate and if the Trustee receives any higher or better offers, she will review that offer and determine, in her best judgment, that such an offer is better, however, given the time constraints in the current offer and the real estate tax issues, the Trustee is requesting that she accept the offer listed in Exhibit 6-A.

33.    The Trustee has not scheduled an auction for this property as the current offer exceeds the debtors assertion of the property's value and an appraisal paid for by the Debtors.

34.    The Purchasers understand that the property has been forfeited for non-payment of taxes and that the Oakland County Treasurer may be entitled to commence foreclosure proceedings in January 2014 if the taxes remain unpaid..

35.    The Trustee seeks authority from this Court and allow her to execute any documents or agreements and perform any acts that may be necessary and appropriate to implement, effectuate, and consummate a sale, including, without limitation, lowering the purchase price or making other concessions.

5

36.     The Debtors have not consented to the sale. The real property has passed the purchaser's inspection as required by the Sales Agreement. The Debtors will need to vacate the real property as indicated in the sales agreement..

**WHEREFORE,** the Trustee asks that this Court enter the attached Order, which approves the proposed sale and the other terms in this motion.

Respectfully submitted,

BEADLE SMITH, PLC

/s/ Thomas L. Beadle
BY: THOMAS L. BEADLE (P39203)
445 S. Livernois Road, Suite 305
Rochester Hills, MI 48307
(248) 650-6094
(248) 650-6095, fax
tbeadle@bbssplc.com

Dated: September 27, 2013

6

**IN THE MATTER OF:**

Ralph F. Holley,

      Debtor

Bankruptcy Case No.: 12-33873-dof
Chapter 7

and

Melonee Monson,

      Debtor,

Bankruptcy Case No.: 13-30577-dof
Chapter 7

_____/

### ORDER GRANTING CHAPTER 7 TRUSTEE'S
### MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF ANY LIENS, CLAIMS AND INTERESTS WITH LIENS, CLAIMS AND INTERESTS TRANSFERRING TO THE PROCEEDS OF THE SALE AND TO APPROVE SALE PROCEDURES AND FOR OTHER RELIEF

This matter having come before this Honorable Court based upon the Trustee's Motion for

Authority to Sell Real Property Free and Clear of Any Interest, to Approve Sale Procedures and for

Other Relief; no objections having been filed to the Trustee's Motion; or any filed objection

having been resolved; notice having been provided properly, pursuant to Rule 2002 and 9019 of

the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that the Trustee's Motion is granted in full.

**IT IS FURTHER ORDERED** that subject to receiving higher or better offers by October

18, 2013, the Trustee may sell the property located in Oakland County at 7475 Heather Mead Lane,

Township of West Bloomfield, MI 48322 for not less than $451,000, which is described as:

Lot 56, Bloomfield Pines Subdivision No. 1, according to the recorded plat thereof, as recorded in Liber 239 of Plats, Pages 16 through 22, inclusive, Oakland County Records.

Commonly known as: 7475 Heather Mead Lane, West Bloomfield, MI 48322; Tax Parcel ID No. 18-31-126-009

**IT IS FURTHER ORDERED** that if the Trustee receives any higher and better offers

transmitted to her through her realtor, Benjamin Management Group, before the end of the day, 5:00 p.m. E.S.T., October 17, 2013, as set forth in this Order, she will conduct a public auction for the sale of the real property at a date and time to be set by her.

**IT IS FURTHER ORDERED** that the Trustee may pay at closing:

- The realtor's commission;
- all real property taxes; and,
- Transfer taxes, closing costs, title insurance, recording fees, water bills, occupancy escrows, if necessary, and other standard costs associated with the sale.

**IT IS FURTHER ORDERED** that the sale proceeds will be delivered as follows:

a. Any such other amounts are required by the closing statement.

**IT IS FURTHER ORDERED** that the Trustee and the eventual buyer(s) will determine a mutually-agreeable time to close but that such closing must occur on or before November 30, 2013.

**IT IS FURTHER ORDERED** that the other parties in interest and any other junior lien holders, may assert a claim in the sale proceeds only for any amounts owing to them as all liens, claims and interests will transfer to the sale proceeds.

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C §363(f) and (h), the real property located at property will be sold free and clear of all claims, liens and interests. Any issue not addressed by this Order regarding the extent, validity, priority, or enforceability of any interests against the 7475 Heather Mead Lane, West Bloomfield, MI 48322 property with respect to the net proceeds of the sale will be determined by this Court at a later date.

**IT IS FURTHER ORDERED** that under Bankruptcy Code §363(g), the sale will be free and clear of any vested or contingent right in the nature of dowery or curtesy, subject to the right-of-first refusal contained in Bankruptcy Code §363(i).

**IT IS FURTHER ORDERED** that the sale of the 7475 Heather Mead Lane, West Bloomfield, MI 48322 property, including improvements or fixtures, will be by a Trustee's Deed, on an "as is, where is" basis, as of the date of the order approving sale, without representation or warranty, express or implied, of any kind, nature, or description including, without limitation, warranties of merchantability, habitability, useability, or fitness for any particular purpose.

**IT IS FURTHER ORDERED** that this Order may be recorded or filed with the Oakland County Register of Deeds as evidence that the 7475 Heather Mead Lane, West Bloomfield, MI 48322 property has been transferred free and clear of all liens, claims, and encumbrances.

**IT IS FURTHER ORDERED** that the Trustee may execute any documents or agreements and perform any acts that may be necessary and appropriate to implement, effectuate, and consummate a sale, including, without limitation, lowering the purchase price or making other concessions, including documents on behalf of the co-owner.

**IT IS FURTHER ORDERED** that all federal, state, and local government agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this Order.

**IT IS FURTHER ORDERED** that the 14-day stay provided for in F.R.Bankr.P. 6004(h) will have no effect with respect to the sale, and this Order is effective and enforceable immediately upon entry.

**IN THE MATTER OF:**

Ralph F. Holley,                                Bankruptcy Case No.: 12-33873-dof
                                                Chapter 7
    Debtor

and

Melonee Monson,

                                                Bankruptcy Case No.: 13-30577-dof
    Debtor,                                     Chapter 7

_____/

## BRIEF IN SUPPORT

Trustee relies on the law set forth in Trustee's Motion for Authority to Sell Real Property free and clear of any interest, claim or lien with any lien claim or interest transferring to the proceeds of the sale and to approve sale procedures and for other relief.

BEADLE SMITH, PLC

/s/ Thomas L. Beadle
By: Thomas L. Beadle (P39203)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094, Ext. 18; (248) 650-6095 (fax)

Date Served: September 27, 2013

**IN THE MATTER OF:**

Ralph F. Holley,                                    Bankruptcy Case No.: 12-33873-dof
                                                    Chapter 7
   Debtor

and

Melonee Monson,

   Debtor,                           Bankruptcy Case No.: 13-30577-dof
                                                    Chapter 7

_____/

## **EXHIBIT LIST**

Exhibit   Description

6-A     Purchase Agreement



**RE/MAX CLASSIC**

BUILDING A STRONG COMPANY
TO HELP GREAT PEOPLE
ACHIEVE OUTSTANDING RESULTS

## PURCHASE AGREEMENT

**BROKER ADDRESS** 26870 BECK RD                    **TELEPHONE**        248-348-3000

RE/MAX Classic ("Broker") and its salesperson(s) are under agency agreement with the Purchaser. The designated agent from RE/MAX Classic listed here is working on behalf of the Purchaser JEAN LANG _____ and the Supervisory Broker shall be either Carol Boji, Bart Patterson or Mike Bailey.

(Purchaser initials) _B.Y  MY_                    (Seller initials) _CKC_

**TYPE OF SALE:** The following mentioned property is being offered for sale and advertised as one of the following types of sale.

☑ Private Owned   ☐ Bank Owned (see Bank Addendums)   ☐ Short Sale (see Short Sale Addendum)

1. **THE UNDERSIGNED** hereby offers and agrees to buy the following land situated in the (City/Township/Village) of _WEST BLOOMFIELD_ , _OAK_ County, Michigan, described as [legal description] T2N, R9E, SEC 31 BLOOMFIELD PINES SUB NO 1 LOT 56 and commonly known as 7545 HEATHER MEAD LN _____
[Property Tax ID Number] _____ 1831126009 _____, together with all fixtures and appurtenances in or on the premises (unless specifically excepted herein), including, if any, lighting fixtures, window treatments (including drapes, shades, curtains, blinds and hardware), ventilating fixtures, screens, storm sash, garage door openers (including transmitter), water softener (unless leased), satellite dish and accessories, built-in kitchen equipment, attached mirrors, attached humidifiers, air filters, central vacuum and attachments, awnings, all TV antennas, rotors and controls, built in barbecues, landscaping, pool equipment (including covers), fuel in tank(s), fireplace grates, screens, gas logs and covers, all ceiling fans, all installed carpeting, alarm system (unless leased) and

now on the premises and or as indicated in MLS # _____ 213091840 _____ and to pay therefore the sum of _____ Four Hundred Fifty-One Thousand _____ Dollars $ ( _____ 451,000.00 ) subject to the existing building and use restrictions, easement, and zoning ordinances, if any, upon the following conditions: **Seller shall deliver a warranty deed conveying marketable title**

2. **THE SALE TO BE CONSUMMATED BY:**

   A. ☐ **CASH SALE:** Payment to be in certified funds or wired per lending institution or Title Company.

   B. ☑ **CASH SALE WITH NEW MORTGAGE:** Payment of purchase money is to be made in cash or certified check. This agreement is contingent upon Purchaser being able to secure a _____ conventional _____ mortgage in the amount of $ _____ 300,817.00 for a term of _____ 30 _____ years and pay $ _____ 150,183.00 down plus mortgage cost, prepaid items, and adjustments in cash. Purchaser agrees to apply for such mortgage within _____ 5 _____ days from acceptance of this offer at Purchaser's expense. If commitment for such mortgage cannot be obtained within _____ 45 _____ days from date of acceptance, this offer shall be declared null and void and the deposit shall be returned to Purchaser. Written evidence of mortgage denial shall be immediately presented to Seller. Denial of specified mortgage shall render this Agreement null and void and the Deposit shall be returned to Purchaser. The parties agree that if the appraised value of the property is less than the purchase price, Purchaser may declare this Agreement null and void and the deposit shall be returned.

   C. ☐ **CASH SALE WITH NEW LAND CONTRACT.**   ☐ See Land Contract Addendum.

3. **Seller's concessions:** Seller agrees to pay $ _____ 0 at the closing to be used towards any of the following: Purchaser(s) closing costs, discount points, prepaids, commission, or adjustments.

Purchaser's initials _B.Y  M.Y_                    Seller's initials _CKC_
RE/MAXCLASSIC-B          Property Address: 7545 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322

InstanetForms

4. **POSSESSION:** Seller shall remove all personal property and refuse from the buildings and land and shall deliver and Purchaser shall accept possession of said property subject to the rights of the following tenants: _____

If Seller occupies the property it shall be vacated ☑ at closing OR ☐ on or before 5:00 P.M. _____ days after closing. From the date after closing through the date of vacating the property as agreed, SELLER SHALL PAY the sum of $_____ per day. The title company acting as an escrow agent, shall retain from the amount due Seller at closing, the sum of $_____ as security for said occupancy charge, paying to the Purchaser the amount due, and returning to the Seller the unused portion as determined by date property is vacated and keys surrendered to the Purchaser. Seller agrees to pay or reimburse Purchaser for all costs and expenses incurred in recovering possession of the property, including actual attorneys fees, together with all actual, incidental and consequential damages sustained by Purchaser which shall include, but not be limited to, housing expense, storage fees, actual attorneys fees and any other costs or expenses which either arise out of or are connected with Seller's failure or refusal to vacate the property as required by this Agreement. (The Escrow Agent or Broker has no obligation implied or otherwise for seeing that the premises are vacated on the date specified or for the conditions of the premises, etc.)

5. **EARNEST MONEY DEPOSIT:** The Broker is hereby authorized to make this offer and collect the deposit of _____ Fifteen Thousand _____ Dollars ($ _____ 15,000.00 ) in the form of ☑ Check ☐ _____ to be held by Broker in accordance with MCL 339.2512 (j) (l) and applied to the purchase price if the sale is completed OR Purchaser agrees to pay $_____ upon signing this offer making the total deposit amount of $_____ Broker shall be depositing the earnest money within _____ days from date of Seller's acceptance of this offer. If the agreement is terminated pursuant to paragraphs 2,6,7,11,13,14,32 within, the parties agree that Selling Broker shall return the Deposit to Purchaser and Seller's remedies, if any, are limited to an award of damages equal to the amount of the Deposit.

6. **FLOOD INSURANCE:** Purchaser may, at his expense, obtain a Floodplain Certification within __7__ calendar days from the date of Seller's acceptance of this Agreement. If the Certification discloses that the property is in a Special Flood Hazard Area, Purchaser may notify Seller, in writing, within __2__ days from the date of the Certification that Purchaser declares this Agreement null and void and the deposit shall be returned to Purchaser. Failure to notify Seller that the property is in a Special Flood Hazard Area within this time period shall constitute a waiver of Purchaser's right to terminate the Agreement under this paragraph and Purchaser agrees to obtain a policy of flood insurance if required to do so by the mortgage lender.

7. **PROPERTY INSPECTION(s): (Note: inspections required by FHA, VA, lenders or municipalities are not made for, nor should they be relied upon by Purchaser.)** Broker recommends and Seller agrees to allow Purchaser to have property inspected at Purchaser's expense by inspector (s) of Purchaser's choice within __7__ Business days from date of seller's acceptance for(including, but not limited to): structural, buildings and cosmetic condition, geologic stability and condition, systems and appliances, pest, (proximity to and use of: area land and improvements, water and any water rights, schooling transportation, noise and environmental hazards) square footage and lot size, zoning or future use, availability and cost of utilities or verification of any information provided to Purchaser by Broker or Seller. If the Purchaser does not notify Seller in writing within __3__ Business days from the date of the inspection(s) that the Purchaser is dissatisfied with the inspection(s) or any information obtained regarding the property, this agreement shall be binding without regard to said inspection(s). If the Purchaser notifies the Listing Broker in writing that, in Purchaser's sole judgment that Purchaser is dissatisfied with the inspection(s) of the property within the above specified business days, then Purchaser may declare this agreement void and all earnest money deposits shall be refunded.

☑ Purchaser will have a Property Inspection according to these terms.

☐ Purchaser waives the right to a Property Inspection.

| Purchaser's Initials | | Seller's Initials |
|---|---|---|
| RE/MAXCLASSIC-B | Property Address: 7545 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322 |

This contract is for use by RealComp Subscribers. Use by any other party is illegal and voids the contract.

8. **LEAD-BASED PAINT INSPECTION:** This contract is contingent upon a risk assessment or inspection of the property for the presence of lead-based paint and/or lead-based paint hazards (as defined) at Purchaser's expense. This contingency will expire ten calendar days following Seller's acceptance of this Agreement, unless Purchaser (or his agent) delivers to Seller (or his agent) a written list of the specific existing deficiencies and corrections needed, together with a copy of the inspection or risk assessment report. Seller may, at Seller's option within _____ days after receipt of a list and accompanying report, elect to correct the condition prior to closing. If Seller will correct the condition, Seller shall furnish Purchaser with certification from a risk assessor or inspector demonstrating that the condition has been remedied prior to closing. If Seller does not elect to make the repairs, or if Seller makes a counter-proposal, Purchaser shall have _____ days to respond to the counter-proposal or remove this contingency and take the property in "AS IS" condition, or this Agreement shall become void and the deposit shall be returned to Purchaser. Purchaser may remove this contingency at any time without cause. All inspection periods provided for in this Agreement shall run concurrently.
   ☑ **Purchaser waives this contingency.**

9. **FACSIMILE / EMAIL:** Purchaser and Seller agree that a facsimile transmission of any signed document or Email shall have the same effect as an original. The parties agree that signed facsimile copies of documents or Email Attachment shall be appended to the originals thereof and integrated therewith. Any such written notice or communication shall be deemed delivered at the time it is sent or transmitted. Seller and buyer agree that the information provided under the Signatures of each party in this agreement are the acknowledged electronic delivery addresses for each party and will be used for purposes of completing this agreement and delivery.

10. **TITLE EVIDENCE:** Sellers agrees to furnish Purchaser a Commitment of Title Insurance without standard exceptions within _____ 5 _____ business days of acceptance, and after closing, a Policy of Title Insurance without standard exceptions in the amount of the purchase price, bearing date later than the acceptance hereof and guarantying the title in the condition required for performance of this agreement. Purchaser agrees to obtain and pay for a survey by a registered land surveyor, as required by lender. (If, for any reason, Purchaser does not obtain a survey, the Policy of Title Insurance will be issued with standard exceptions and Purchaser agrees to hold Broker and Seller harmless. Purchaser and Seller agree that a Title company of the Purchasers choice will provide the mortgage title insurance required by the bank and also conduct the closing for the transaction. Purchaser agrees to pay the customary closing fees charged by the title company which supervises the closing.)

11. **TITLE OBJECTIONS:** After a title insurance commitment is delivered to Buyer, any objection by Buyer to Seller's title shall be (a) based upon a written opinion of Buyer's attorney to the effect that this title is not in the condition required for performance hereunder, and (b) made in writing identifying the defects forming the basis of the objection, which written opinion shall be delivered to Broker within five (5) calendar days following Buyer's receipt of such commitment. Within thirty (30) calendar days from delivery to Broker of said defects, Seller shall attempt to render such title marketable and shall cause said title commitment to be reissued and redelivered to the Buyer for examination. The date of consummation of sale as specified elsewhere herein shall be extended by number of days necessary for Seller to have acceptable title commitment revised and delivered to Buyer from date Seller receives written notification of the title objections. Should Seller be unable to render such title marketable, or be unable to secure a commitment insuring title within the 30 calendar day period above or any extensions thereof agreed upon in writing, Buyer shall have the option either to consummate the sale and accept such title as Seller may be able to convey in full satisfaction and accord or demand in writing and receive all moneys deposited hereunder. Upon return of all said money to the Buyer, Buyer and Seller are relieved from further obligations under this Agreement.

12. **TAXES:** All taxes on the land which are due and payable on or before the date of closing shall be paid by the Seller. Current taxes shall be prorated and adjusted as of the date of closing in accordance with the due date basis of the municipality or taxing unit in which the property is located, on a 365 day basis. Seller to pay any applicable transfer taxes as per law.

Purchaser's Initials __B.Y__ __M.Y.__    Seller's Initials __CVC__
RE/MAXCLASSIC-B    Property Address: __7545 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322__

13. **DEFAULT/RELEASE:** In the event of default by the Seller, Purchaser may elect to enforce the terms hereof or demand and be entitled to a refund of the entire deposit, in full termination of this agreement. In the event of default by the Purchaser, Seller may declare forfeiture and retain the deposit as liquidated damages as the Seller's sole remedy. A Mutual Release of Purchase Agreement or similar cancellation must be signed by all parties, prior to the disbursement of earnest money deposits in dispute or to be returned, under the provisions of the Purchase Agreement. Seller and Purchaser agree that Listing and Selling Brokers and their salespeople shall not be made parties to any action taken to enforce or terminate this agreement.

14. **SPECIAL ASSESSMENTS:** Special assessments for public improvements which have been billed by public authority prior to the date of closing shall be paid by the Seller in full including all future installments, unless otherwise agreed to in writing. Seller represents that they have not been made aware of or advised of any new or possible assessments that may be in the discussion stage, formally proposed or not yet assessed and/or recorded. If seller(s) does have knowledge and/or documents pertaining to the new assessments as stated, they shall provide this information to purchaser(s). Upon receipt, purchaser(s) shall have three (3) calendar days to review such documents. Purchaser(s) shall notify seller(s) within those three days if they wish to withdraw their offer and declare it null and void, or their willingness to proceed according to the agreed upon terms and conditions, or some other remedy agreed upon by both seller(s) and purchaser(s).

15. **OTHER PRORATIONS:** Association fees, interest and rents, if any, shall be prorated and adjusted as of the date of closing.

16. **SEWER AND WATER CHARGES:** The Seller agrees to pay for all sewer and water usage to date of possession. The Title Company shall retain from the amount due to the Seller at closing, a minimum of $300.00 for water/sewer charges. When the final water bill or reading is received, the unused portion if any, (after prorating or proof of payment) shall be returned to the Seller.

17. **COMPENSATION:** Purchaser(s) agrees to pay selling broker a transaction fee of $_____345.00 at closing. Any additional commission charges shall be specified in the contract between the Listing and Selling Broker.

18. **HOME PROTECTION PLANS:** Seller ☐ will or ☑ will not provide at closing a one year standard home protection plan in favor of Purchaser at a cost not to exceed $_____. The protection plan herein will be selected by Purchaser and ordered by Purchaser's agent and will also include: _____. Purchaser agrees to hold Seller, Listing and Selling Brokers and their salespeople harmless for all claims which would be covered by a home protection plan, whether or not Purchaser accepts the plan.

Acknowledgement: ___B·Y___ ___MLУ___ ___CKC___ _____
Purchaser      Purchaser      Seller      Seller

19. **FINAL WALK-THROUGH PRIOR TO CLOSING:** Purchaser reserves the right to walk through the property within 72 hours prior to closing.

20. **MAINTENANCE OF THE PROPERTY UNTIL POSSESSION:** Until possession is delivered, the Seller agrees to keep the property in the same condition as of the date of this agreement and agrees to maintain heating, sewer, well, septic, plumbing, electrical systems, central air, pool, spa, appliances and equipment in normal working order; maintain the grounds, and sprinkler system and to keep the basement (if applicable) and the roof free of leaks. In accordance with paragraph 2, Seller further agrees to keep all utility services (electric, gas and water) operating until the date the property is vacated. In the event the property has been winterized, it shall be the obligation and expense of the Seller to de-winterize the property prior to closing. Purchaser understands and accepts that reasonable holes, scratches, discoloration and small hanging devices such as nails, etc. may be left in the wall or ceiling surface from the removal of personal items not included in the transaction. Seller agrees to leave the premises broom-clean and free of debris.

Purchaser's Initials ___B·Y___ ___MLУ___    Seller's Initials ___CKC___ _____
RE/MAXCLASSIC-B    Property Address: ___7545 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322___

This contract is for use by RaniComp Subscribers. Use by any other party is illegal and voids the contract. **Instanet forms**

21. **PROVISION FOR AS IS CONDITION:** By execution of this agreement the Purchaser acknowledges THAT PURCHASER HAS EXAMINED THE ABOVE described property and is satisfied with the physical condition of the structures therein and purchase said property in "AS IS CONDITION", subject only to the right of a property inspection as provided for herein and the *Seller's Disclosure Statement* if required. Neither Seller nor Listing and Selling Brokers and their salespeople have made any representations or warranties of any kind concerning the property, upon which the Purchaser has relied, except as set forth in this agreement. Purchaser acknowledges that (a) the information provided in the multi-list description of this Property is not warranted or guaranteed; and (b) he has not relied on the multi-list description in making this agreement.

22. **EXPIRATION:** This offer to purchase shall remain valid until ____/____/____ at _____ ☐ AM ☐ PM for sellers acceptance. In the event the Seller makes any written changes to the terms and conditions herein, such changes if initialed and signed by Seller, shall constitute a counter offer by seller to purchaser which will remain valid until ____/____/____ at _____ ☐ AM ☐ PM unless earlier withdrawn by Seller, and shall require acceptance by the purchaser by initialing each and every change before said time, failure to accept within the given time will make this offer null and void and the Purchasers earnest money shall be returned.

23. **LEGAL COUNSEL:** *Broker recommends that all parties retain an attorney to protect their interest.*

24. **BINDING TO THE HEIRS, ETC.:** The agreements herein shall bind and inure to the benefit of the executors, administrators, successors and assigns of the respective parties.

25. **HOMEOWNERS ASSOCIATION:** If there is a Homeowners Association that has authority over the property, Seller is to provide Purchaser with a copy of the most recent financial statement, by-laws and assessments and any other related information within seven days of acceptance. If Purchaser does not notify Seller in writing within five calendar days from the date of receipt of herein documents that the Purchaser is dissatisfied with said documents, this agreement shall be binding without regard to said documents. If Purchaser notifies Seller in writing that Purchaser is dissatisfied with the documents within the above specified calendar days, then Purchaser may declare this agreement void and all earnest money deposits shall be refunded.

26. **FOREIGN INVESTMENT IN REAL PROPERTY TAX ACT:** If the sales price of the property exceeds $300,000 parties to this agreement are to be bound by (FIRPTA) requirements and must complete addendum for (FIRPTA).

27. **CITY CERTIFICATION:** If the property is located in a municipality that requires an inspection prior to a sale, Seller will pay for necessary inspections and/or required repairs, if any, to obtain written approval of the municipality.

28. **NOTICE:** Any written notice to Purchaser/Seller may be served at the office of Purchaser's or Seller's representative Broker.

29. **SELLER'S DISCLOSURES:** Purchaser acknowledges that he received from Seller a *Seller's Disclosure Statement* and, if the property is residential housing built before 1978, a *Lead-Based Paint and Lead-Based Paint Hazards Disclosure* prior to signing this agreement. Purchaser acknowledges that the information provided in the *Seller's Disclosure Statement, Lead-Based Paint and Lead-Based Paint Hazards Disclosure* and any other property disclosure statement is (a) based upon Seller's knowledge and is not a warranty of any kind by Seller or Listing or Selling Brokers and their salespeople; (b) not a substitute for any inspections or warranties Purchaser may wish to obtain; (c) provided solely by Seller and is not a representation made by Listing and Selling Brokers and their salespeople; and (d) a disclosure only and not intended to be a part of this agreement.

Purchaser's Initials _____ Seller's Initials _____
RE/MAXCLASSIC-B    Property Address: 7845 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322

30. **ACCEPTANCE:** Final acceptance of this Purchase Agreement and any counteroffers, if any, shall be upon written, Fax or Emailed delivery of acceptance to either party or their representative agent.

31. **CLOSING:** If this offer is accepted by Seller and if title can be conveyed in the condition required hereunder, Purchaser and Seller agree to complete the sale on or before ___November 12th / 2013___ at the office of the Listing Broker, subject to lender requirements.

32. **ADDENDUM:** The checked Addendum(s) is to be incorporated as part of this agreement. In the event any terms in the Purchase Agreement and any addendum conflict, the terms of the addendum shall prevail.

| ☐ General Addendum | ☐ Bank Addendum(s) | ☐ Short Sale Addendum(s) |
|---|---|---|
| ☐ FHA / VA | ☐ Relocation Addendum(s) | ☐ Land Contract Addendum(s) |
| ☐ Condo Addendum | ☐ Contingency Addendum | ☐ _____ |

33. **INFORMATION PROVIDED:** Any information provided by Broker such as demographics or other information is for convenience only. Purchaser shall independently confirm any and all information and agrees that Broker has not violated Purchaser's right in regard to any fair housing laws.

34. **HOLD HARMLESS:** Purchaser and Seller hold Broker(s) and their salespersons, brokers, and employees, respectively, harmless and do hereby indemnify them against all claims, actions or suits for damage of any nature whatsoever arising from their actions regarding this sale.

35. **ARBITRATION:** Purchaser and Seller agree that any controversy or claim arising from or relating to this contract or the breach thereof, disposition of the Deposit, or the physical condition of the Property, and any claim of fraud, misrepresentation or negligence shall be settled by arbitration administered by the National Center for Dispute Settlement under its Arbitration Rules for the Real Estate Industry and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. **TIME FOR CLAIMS:** Buyer and Seller agrees that any action or suit against the REALTOR/BROKER arising out of this agreement or any services rendered or not rendered by REALTOR/BROKER, must be brought within the shorter of: a) the time provided by law or b) six (6) months of the event giving rise to the claims, or be forever by barred. Seller specifically waives any limitation period to the contrary.

36. **OTHER TERMS AND CONDITIONS:**

    1. Subject to bankruptcy court approval. Purchasers agree that closing shall take place within 35 days of approval from bankruptcy court.
    2. Title One shall provide purchasers title policy.

Purchaser's Initials __B__ __Y__     Seller's Initials __C__ __V__ __C__

RE/MAXCLASSIC-B     Property Address: 7545 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

By the signatures below, Purchaser acknowledges receipt of a copy of this offer

IN THE PRESENCE OF:

WITNESS

_____ Yono
PURCHASER SIGNATURE

Salesperson ID # ___ 310312

Badri Yono
PRINT NAME

Office ID # ___ 355925

Agent JEAN LANG

EMAIL PURCHASER

jrlang@aol.com
EMAIL AGENT

PURCHASER SIGNATURE

Maysoon Yono
PRINT NAME

9-17-13
Date

EMAIL PURCHASER

BROKER'S ACKNOWLEDGMENT OF DEPOSIT: Received from the above named Purchaser the deposit money above mentioned, which will be applied as indicated in paragraph #9 above, or will be returned forthwith after tender if the foregoing offer and deposit is declined, RE/MAX CLASSIC BY:

ACCEPTANCE OF OFFER: The foregoing offer is accepted in accordance with the terms stated.
By the execution of this instrument the Seller acknowledges a receipt of a copy of this agreement.
J. Beadle

WITNESS Thomas L. Beadle

Collene K. Corcoran, Trustee

SELLER SIGNATURE
9-18-13

Salesperson ID # ___ 322697

Collene K. Corcoran, Trustee
PRINT NAME

Office ID # ___ 344006

ALAN STALTER
Agent

EMAIL SELLER

Alan.Stalter@EliteREO.com
EMAIL AGENT

SELLER SIGNATURE

PRINT NAME

Date

EMAIL SELLER

The undersigned Purchaser hereby acknowledges receipt of a copy of the Seller's signed acceptance of the foregoing Offer to Purchase.

Date

PURCHASER Badri Yono          Maysoon Yono

Purchaser's Initials ___ B. Y          Seller's Initials ___ CKC
RE/MAXCLASSIC-B          Property Address: 7545 HEATHER MEAD LN, WEST BLOOMFIELD, MI 48322

This contract is for use by Realcomp subscribers. Use by any other party is illegal and voids the contract.



********$15,000.00

# ADDENDUM/AMENDMENT

DATE: Sept 18 2013

This is an Addendum/Amendment to and becomes a part of the Purchase Agreement dated

_____ regarding the property located at: **7545 Heather Mead Ln, West**
**Bloomfield, MI** Between Seller: **Bankruptcy Estate of Melonee Monson** and Ralph Holley and Buyer:

**Badri Yono and Maysoon Yono** _____

_____

- Inspections to be completed within 7 days of receipt of Bankruptcy Trustee acceptance.
- The buyer will be responsible to order, pay for and obtain any required city inspection report or certificate prior to closing.
- Buyer responsible to turn on utilities in their name for any required inspection.
- If there is a well and septic system, the buyer will be responsible to order, pay for and obtain any inspections that are required.
- Bankruptcy Trustee will transfer property via Trustee's Deed at closing.
- The Bankruptcy Trustee's acceptance of this offer is subject to Bankruptcy Court approval.
- Sale will not close until after the court order is entered by the Bankruptcy Court approving the Trustee's motion to sell Real Property.
- No survey to be provided.
- Every effort will be made to assure that the debtor is out of the property before closing.
- Property sold as is.

_____
Witness

_____ (L.S.)
Seller      Trustee

_____
Witness

_____ (L.S.)
Purchaser

_____ (L.S.)

_____ (L.S.)

**IN THE MATTER OF:**

Ralph F. Holley,

      Debtor

Bankruptcy Case No.: 12-33873-dof
Chapter 7

and

Melonee Monson,

      Debtor,

Bankruptcy Case No.: 13-30577-dof
Chapter 7

_____/

## AFFIDAVITS

None.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - FLINT

**IN THE MATTER OF:**

Ralph F. Holley,

    Debtor

Bankruptcy Case No.: 12-33873-dof
Chapter 7

and

Melonee Monson,

    Debtor,

Bankruptcy Case No.: 13-30577-dof
Chapter 7

_____/

### NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO CHAPTER 7 TRUSTEE'S, MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF ANY INTEREST, TO APPROVE SALE PROCEDURES AND FOR OTHER RELIEF

Trustee, Collene Corcoran, has filed papers with the Court for the Authority to Sell Real Property Free and Clear of Any Interest, To Approve Sale Procedures and for Other Relief. The Estate will receive at least Four Hundred Fifty One Thousand ($451,000) Dollars from the sale of the real property.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to allow the Trustee's Motion, or if you want the Court to consider your views on the Motion, within twenty one (21) days, you or your attorney must:

1. File with the Court a written response or an answer which must comply with F.R.Civ.P. 8(b), (c) and (e) explaining your position pursuant to L.B.R. 9014-1 at:

   Clerk of the United States Bankruptcy Court
   Eastern District of Michigan-Southern Division
   226 West Second Street, Flint, Michigan 48462-0757

   If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.
   You must also mail a copy to:

   Thomas L. Beadle, Attorney for Trustee (at the address below)

2. If a response or answer is timely filed and served, the Clerk will schedule a hearing on the motion/objection and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an Order granting that relief.**

Beadle Smith, PLC

/s/ Thomas L. Beadle
By: Thomas L. Beadle (P39203)
Attorneys for Trustee
445 S. Livernois, Ste 305
Rochester Hills, MI  48307
(248) 650-6094 x-18, (248) 650-6095, fax
tbeadle@bbssplc.com

Date Served:   September 27, 2013

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

**IN THE MATTER OF:**

Ralph F. Holley,

      Debtor

and

Melonee Monson,

      Debtor,

_____/

Bankruptcy Case No.: 12-33873-dof
Chapter 7

Bankruptcy Case No.: 13-30577-dof
Chapter 7

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I served the following paper:

Chapter 7 Trustee, Collene Corcoran's Motion for Authority to Sell Real Property Free and Clear of Any Interest, to Approve Sale Procedures and for Other Relief,, proposed Order, Notice of Requirement of Written Response, Exhibit List, Affidavits, and this Certificate of Service

on the following parties at these addresses:

Ralph F. Holley
2050 S. Cedar, #254
Imlay City, MI 48444

Melonee Monson
7545 Heather Mead Lane
West Bloomfield, MI 48322

by the following means: United States first-class mail.

**A COPY OF THE NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION WAS ALSO SERVED UPON THE ATTACHED COURT MATRIX.**

BEADLE SMITH, PLC

/S/ Thomas L. Beadle
By: THOMAS L. BEADLE (P39203)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 18; (248) 650-6095 (fax)
tbeadle@bbssplc.com

Label Matrix for local noticing
0645-4
Case 12-33873-dof
Eastern District of Michigan
Flint
Fri Sep 27 12:55:37 EDT 2013

Ann Arbor Credit Burea (Original Credito
311 N Main St
Ann Arbor, MI 48104-1133

Bloomfield Pines Subdivision HOA
c/o ADAC
P.O. Box 806044
St. Clair Shores, MI 48080-6044

Robert D. Buechler
411 Fort Street
Suite B
Port Huron, MI 48060-3940

Congress Collection Co (Original Credito
24901 Northwestern Hwy S
Southfield, MI 48075-2203

GMAC - Bankruptcy
PO Box 380902
Minneapolis, MN 55438-0902

Ralph F. Holley
2050 S. Cedar #254
Imlay City, MI 48444-9606

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Melonee Monson-Holley
2050 Cedar Road
#254
Imlay City, MI 48444-9606

John M. Rickel
28762 Harper Avenue
St. Clair Shores, MI 48081-1250

(p)AMERICREDIT
PO BOX 183853
ARLINGTON TX 76096-3853

Thomas L. Beadle
Beadle Smith, PLC
445 South Livernois Road
Suite 305
Rochester Hills, MI 48307-2577

Bloomfield Pines Subdivision Homeowners Assc
c/o Association Dues Assurance Corp.
P.O. Box 806044
St. Clair Shores, MI 48080-6044

Christine A. D'Luge
c/o Robert D. Buechler
Damman VanDrew, PLC
511 Fort Street, Suite 200
Port Huron, MI 48060-3932

Collene K. Corcoran
P.O. Box 535
Oxford, MI 48371-0535

Global Con
5320 College Blvd.
Overland Park, KS 66211-1621

I C System Inc (Original Creditor:David
Po Box 64378
Saint Paul, MN 55164-0378

LVNV Funding, LLC its successors and assigns
assignee of MCI Communications
Services, Inc
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

OAKLAND COUNTY TREASURER
1200 N. TELEGRAPH ROAD
Bldg. 12 E Dept. 479
Pontiac, MI 48341-1032

Richard A. Roble (UST)
United States Trustee
211 West Fort Street
Suite 700

AmeriCredit Financial Services, Inc., d/b/a
P.O. Box 183853
Arlington, TX 76096-3853

Bloomfield Pines Homeowners Assosiation
Rickell Law Firm
P.O. Box 36200
Grosse Pointe, MI 48236-0200

Bloomfield Pines Subdivision Homeowners Asso
c/o The Rickel Law Firm, PC
PO Box 36200
Grosse Pointe Farms, MI 48236-0200

Christine D'Luge
67 Walnut Street
Mount Clemens, MI 48043-5619

Dyck-O'Neal, Inc.
P.O. Box 13370
Arlington, TX 76094-0370

Harris & Harris Ltd (Original Creditor:H
222 Merchandise Mart Plz
Chicago, IL 60654-1103

I C System Inc (Original Creditor:John D
Po Box 64378
Saint Paul, MN 55164-0378

LaVasseur  Dyer & Associates
P.O. Box 721400
Berkley, MI 48072-0400

Portfolio Recovery&Aff (Original Credito
120 Coporate Blvd Ste 10
Norfolk, VA 23502-4962

Sallie Mae
Po Box 9500
Wilkes Barre, PA 18773-9500

Sallie Mae
c/o Sallie Mae Inc.
220 Lasley Ave.
Wilkes-Barre, PA 18706-1496

Alan Stalter
Benjamin Management Group, Inc.
30800 Telegraph Road
Bingham Farms, MI 48025-5702

Un Coll Tol (Original Creditor:Medical)
5620 Southwyck Blv
Toledo, OH 43614-1501

eCAST Settlement Corporation assignee of GE
Bank/JCP CONSUMER
POB 35480
Newark NJ 07193-5480

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AmeriCredit Financial Services, Inc.
PO Box 183853
Arlington, Texas 76096

(d)Americredit Financial Services, Inc.
dba GM Financial
P.O. Box 183853
Arlington, TX 76096

Internal Revenue Service
1240 East Ninth Street, Room 493
Cleveland, OH   44199

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Christina D'Luge

(u)Dyck O'Neal, Inc.

(u)Daniel M. McDermott

End of Label Matrix
Mailable recipients    33
Bypassed recipients     3
Total                  36