UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

In re:

                        Case No. 13-30577, 12 -33873

                              Chapter 7

**Melonee Monson,**

**Ralph Holley**                                                             HON. Daniel Opperman

    Debtors

_____/

AMENDED
**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO SELL PROPERTY**

    NOW COMES the Debtors with the following response:

1. Admit.

2. Admit.

3. Deny. The Trustee's duty to maximize the dividend to unsecured creditors and specifically in this case unsecured joint creditors (which amounts to less than $3000) could be performed from the funds that the trustee has already recovered from tax refunds due to Debtors.

4. Deny. The trustee is completely incorrect in this assertion. Debtor's have paid all payments due to the creditor Christine D'Luge and her predecessor until she started foreclosure proceedings based on one missed payment. The Chapter 7 trustee is also incorrect in her statement that creditors have not been provided with evidence of property insurance, in fact the Chapter 7 trustee herself, her counsel and the creditors have been provided with proof of property insurance on many occasions. The property insurance is up to date and has been since before the commencement of this case.

Either the chapter 7 trustee is extremely forgetful, or continues to choose to recite incorrect information as fact. The trustee

has also asserted that Debtor's have not paid any property taxes. Again this is incorrect, at the commencement of this case Debtors were 2 years behind in their property taxes however property taxes were paid prior to this delinquency. Also Debtor's state that any delinquency in payments were due to Debtor's lack of employment for several years as with many debtors in this country and district.

5. Deny. Debtors have both filed claims of exemptions in their real property, however this court has not yet ruled on the the trustee's objections to their claims. Debtor Ralph Holley's claim of exemption was not denied by this court, Debtor entered into a stipulation with the chapter 7 trustee that his originally filed claim of exemption should be denied. Debtor entered this stipulation with the trustee because he recognized that his exemption indeed was incorrect. However Debtor did not stipulate that all of his rights to of claims of exemptions should be denied. However even if Debtor Ralph Holley, did not have any claim of exemption in his real property, Debtor Melonee Monson does have a claim of exemption , and that applicable state law and corresponding bankruptcy law prohibit the sale of jointly held property to satisfy a debt that is not held jointly.

6. Deny. The trustee's attempt to sell Debtors' property is only a malicious attempt to realize windfall at the expense of Debtors and their family. At first Debtors did not understand the motivation of this trustee, however after recent events Debtors found out that the trustee's actions may be racially motivated. Throughout this case the trustee has tried many ways to frustrate Debtors' attempts to reorganize and their efforts to keep their property. The trustee either directly or through her counsel has done the following (the list contains highlights but not all of the trustees actions) :

- Not responded to e-mails or phone calls when debtor was requesting adjournments, but then reciting in pleading or testifying that debtors willfully missed hearings. When Debtor has told the trustee that she works in other states.

-Holding out to Debtors that she would be able to help them in their efforts to refinance their real property.

-Holding out to Debtors that she would help them obtain telephone hearings if necessary when she has never attempted to do and even denied Debtor's request for a 341 by telephone. This is especially important because Thomas Beadle even told debtor's (on the date of the 2004 exam of Ralph Holley) 1 week prior to a hearing on conversion of Debtor Melonee Monson's chapter 13 case the steps that he

would take to help obtain such a hearing. Debtor relying on Mr. Beadle's representation never even filed a motion for adjournment or attempted to contact the court herself until she realized (1 day prior to the hearing) that Mr. Beadle had no intentions of following through with this representation. Debtor informed the court that she was unable to attend the hearing in person and requested that she be able to appear by telephone, however her request was denied and the hearing was held without Debtor.

-Contacting and relaying incorrect information to Washington state U.S. trustee.

-Relaying incorrect information to the Michigan U.S. trustee.

- Contacting the Michigan attorney grievance commission, relaying incorrect information.

-Contacting Child Protective Services, relaying incorrect information.

-Contacting Adult Protective Services, relaying incorrect information.

- Holding out to Debtors' entire neighborhood and anyone passing by Debtor's home that they were in bankruptcy proceedings.
-Using subpoenas, threats of lawsuits, or threats of other motions or subpoena to scare Debtors or parties associated with Debtors.

7. Neither Admit nor Deny.

8. Neither Admit nor Deny.

9. Neither Admit nor Deny.

10. Neither Admit nor Deny. However this creditor is a secured creditor and well protected by the equity in this property

11. Neither Admit nor Deny. However this creditor is a secured creditor and well protected by the equity in this property .

12. Neither Admit nor Deny. However this creditor is a secured creditor and well protected by the equity in this property.

13. Deny.

14. Deny.

15. Deny.

16. Neither Admit nor Deny. However this creditor is a secured creditor and well protected by the equity in   this property.

17. Neither Admit nor Deny.

18. Neither Admit nor  Deny.

19. Neither Admit nor Deny.

20. Neither Admit nor Deny.

21. Neither Admit nor  Deny.

22. Neither Admit nor Deny.

23.  Neither Admit nor Deny.

24. Neither Admit nor  Deny.

25. Neither Admit nor Deny.

26. Neither Admit nor Deny.

27. Neither Admit nor Deny.

28. Neither Admit nor Deny.

29. Neither Admit Nor Deny.  However in the event that they are not able to qualify for a mortgage due to this lengthy bankruptcy proceeding, would still like to retain their property and would like to sell property to their nephew Nathaniel Holley.  The purchase price would be approximately $276, 000 and would satisfy all allowed claims both secured and unsecured with approximately $20,000 - $30,000 remaining.   The sale to Debtor's Nephew would allow Debtor's to remain in their home and transfer property back into their names as soon as possible after the conclusion of this case.  Debtors have already secured a title commitment and there are no outstanding title issues in the event that their nephew is used for this purpose.

    Even though Debtor's have continuously requested  from the Chapter 7 trustee or her counsel information regarding her proposed  administrative claim, to date she nor her counsel have not provided any such information, therefore Debtors  are unable to factor this amount into the sell price.  However the Trustee has requested that Debtors' potential tax refunds of approximately $16,000 and this may used to satisfy her claim.

30.  Deny.  Debtors, their children and other family members will  experience extreme hardship if this property is sold.    Debtors originally filed this case to stop a foreclosure sale in order to save their real property.  In order for this sale not to harm debtors they should walk away with at least three hundred thousand from the sale of their property. After becoming gainfully employed,  Debtor Ralph Holley,  attempted to convert to a chapter 13 in order to pay creditors and even informed the Chapter 7 trustee of his intent at his first scheduled meeting of creditors. However the Chapter 7 trustee in her effort to maximize her return objected and her objection was sustained by this court. Also Debtor Melonee Monson was party to a viable Chapter 13, proposing to pay  her allowed creditors a 100% dividend, with a working wage order deduction paying  the Chapter 13 trustee, but through the efforts of this trustee, her counsel and their collaboration with the U. S. Trustee her case was subsequently converted to a chapter 7.  Even after Debtor, Melonee Monson allowed  the jurisdiction of her case to change to this court after the this trustee's counsel contacted Debtor and and made many false assurances  to her.

31.   Neither Admit nor Deny.

32.   Neither Admit nor Deny.

33. Neither Admit nor Deny. However Debtors believe that the real property is now valued of at least five hundred thousand. Debtors value was listed on schedule A more than a year ago and property values in this area have increased substantially. The appraisal purchased by the Debtors was performed in February of this, and again property values have increased in the subject area substantially since this time. The trustee's pending offer is much less than the current property value of this home.

34. Neither Admit nor Deny. The property has not been forfeited for non payment of taxes.

35. Neither Admit nor Deny.

36. Neither Admit nor Deny.

Wherefore Debtors request that this court deny the trustee's motion, and possibly remove this trustee and her counsel form this case reassigning it to another Trustee, and for whatever other relief this court deems equitable

Respectfully Submitted,

Dated: October 16, 2013

/s/Melonee Monson-Holley Melonee Monson-Holley (P62024)
Attorneys for Debtors
2050 S. Cedar #254
Imlay City, MI 48444
 (248) 470-2536
meloneemonson@yahoo.com