UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RALPH F. HOLLEY and
MELONEE L. MONSON,
a/k/a MELONEE MONSON-HOLLEY,     Case No. 12-33873-dof
                                  Chapter 7 Proceeding
        Debtors.                  Hon. Daniel S. Opperman
_____/

OPINION REGARDING CHAPTER 7 TRUSTEE'S OBJECTION
TO DEBTORS' AMENDED CLAIM OF EXEMPTIONS AND VACATING
OCTOBER 29, 2013, ORDER GRANTING THE TRUSTEE'S OBJECTION
TO THE DEBTORS' AMENDED CLAIM OF EXEMPTIONS

Introduction

Collene K. Corcoran, the appointed Chapter 7 Trustee in this case, objected to the Debtors' amended claim of exemptions of Debtors' homestead, tax refunds and in a bank account. The Debtors dispute that the Trustee's Objection is warranted. The Court conducted a hearing on January 22, 2014, and issued a Scheduling Order requiring briefs on January 24, 2014. All post-hearing briefs have been filed, and the Court now issues its decision on the Trustee's Objection to Amended Exemptions.

Facts

Ralph Holley filed the instant Chapter 7 bankruptcy case on September 25, 2012. Melonee Monson-Holley, the spouse of Ralph Holley, filed a Chapter 13 bankruptcy on November 8, 2012, in Seattle, Washington, in the Bankruptcy Court for Western District of Washington. Upon the motion of the United States Trustee, Melonee Monson-Holley's case was converted to a Chapter 7 case on May 9, 2013. By Order dated February 8, 2013, the Washington bankruptcy case was

1

transferred to the Bankruptcy Court for the Eastern District of Michigan, and on June 3, 2013, an Order was entered jointly administering Ralph Holley's case and Melonee Monson-Holley's case.

At issue before the Court is Debtors' latest amended exemptions, filed on September 8, 2013. The Trustee details the previous amendments to exemptions taken by Debtors in this case in her current Objection , which was filed on October 8, 2013. In her Objection, she asserts that Debtors' claimed exemptions should be disallowed because this is the third amended exemptions filed by Debtors, which constitutes bad faith. The Trustee asserts that the Debtors purposely chose to not amend their Schedules of assets and exemptions to "drag these cases out," and require the Trustee to undertake various actions to liquidate what she believed to be non-exempt property for the benefit of creditors. For various reasons and explanations given, the Debtors dispute the Objection and that any bad faith existed in amending the exemptions.

The most recent amended exemptions for purposes of the instant Objection, filed on October 8, 2013, as Amended Schedule C on Ralph Holley's bankruptcy schedules are as follows:

(1) Real Property: Primary Residence located at 7545 Heather Mead Lane, West Bloomfield, MI; exemption taken pursuant to Mich. Comp. Laws §§600.5451(1)(n); value of claimed exemption of "50%"; current value of property of $400,000.00.

(2) Checking, Savings, or other Financial Accounts, Certificates of Deposit: Checking Chase Bank; exemption taken pursuant to Mich. Comp. Laws §§ 600.5451(1)(n); value of claimed exemption of $1,250.00; current value of property of $1,250.00.

(3) Other Contingent and Unliquidated Claims of Every Nature: "Potential tax refund approximate amount as appropriate taxing authority review accounts"; exemption

taken pursuant to Mich. Comp. Laws §§ 600.5451(1)(n); value of claimed exemption of $15,098.00; current value of property of $15,098.00.

Ralph Holley's exemptions were disallowed as to the Heather Mead Lane real property and partially disallowed as to the 2007 Malibu, via Order entered on January 7, 2013, which states, in part:

> **IT IS HEREBY ORDERED** that the debtor's claimed exemption in the home located at 7545 Heather Mead Lane, West Bloomfield, MI 48322 under MCL 600.5451(1)(o) is denied in its entirety and is disallowed as the debtor has substantial joint unsecured debt.
>
> **IT IS FURTHER ORDERED** that the debtor's claimed exemption under MCL 600.5451(1)(g) in the 2007 Malibu is limited to $2,775.

The most recent amended exemptions for purposes of the instant Objection, filed on October 8, 2013, as Amended Schedule C on Melonee Monson-Holley's bankruptcy schedules are as follows:

(1) Real Property: Primary Residence located at 7545 Heather Mead Lane, West Bloomfield, MI; exemption taken pursuant to Mich. Comp. Laws §§600.5451(1)(n); value of claimed exemption of "unknown"; current value of property of $400,000.00. Additionally, Ms. Holley states: "Debtor believes that 200,000 is the proper amount depicting her interest however the US trustee has indicated it is proper to state that her interest as 400,000 as if she has a 100% interest however her only interest is a 1/2 interest."

(2) Checking, Savings, or other Financial Accounts, Certificates of Deposit: Checking Chase Bank; exemption taken pursuant to Mich. Comp. Laws §§ 600.5451(1)(n); value of claimed exemption of $1,250.00; current value of property

3

of $1,250.00.

(3) Other Liquidated Debts Owing Debtor Including Tax Refund: "Potential state and federal tax refunds for years 2009-2012. This is an approximate amount because the appropriate government agencies are still inspecting tax documents"; exemption taken pursuant to Mich. Comp. Laws §§ 600.5451(1)(n); value of claimed exemption of $15,098.00; current value of property of $15,098.00.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of exemptions from property of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, No. 12-1200 (U.S. June 9, 2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Law and Analysis

### Court's October 29, 2013, Order Is Vacated

An Order Granting the Trustee's Objection to Amended Claim of Exemptions was entered on October 29, 2013, at Docket No. 172. Debtors filed a response to the underlying Objection also on October 29, 2013, and filed a "Statement of Extenuating Circumstances and Request for Hearing" on that same day. This Statement detailed the reason why Debtors' response was filed four days

4

late, stating that Melonee Monson-Holley's mother passed away suddenly on September 27, 2013, and the emotional turmoil connected with this death, as well as Debtor having to relocate to another state shortly after, caused Debtors to miss this response deadline. The Objection to Amended Claim of Exemptions was thereafter set for hearing and heard by the Court on January 22, 2014, and a briefing schedule was instituted at the conclusion of that hearing.

While it was implied at the January 22, 2014, hearing that the October 29, 2013, Order was set aside, this was never formally accomplished. Pursuant to Federal Rule of Civil Procedure 60(b)(1),[1] a late filing is allowed for excusable neglect. *Norpak Corp. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.)*, 131 F.3d 1185, 1188 (6th Cir. 1997) (quoting *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993)).

The factors to be considered include:

(1) Danger of prejudice to the other party;
(2) Length of delay and its potential impact on judicial proceedings;
(3) Reason for the delay;
(4) Whether the delay was within the reasonable control of the late party; and
(5) Whether the late party acted in good faith.

*Eagle-Picher*, 131 F.3d at 1188 (relying on *Pioneer Investment*, 507 U.S. at 395). The Court finds that these factors weigh in favor of setting the October 29, 2013, Order aside. The prejudice to the Trustee is minimal, the length of the delay was a matter of days, the reason for the delay and whether such was in the reasonable control of Debtors is not disputed by the Trustee, and there is no evidence to support that the Debtors did not act in good faith. Thus, the Court finds that the October 29, 2013, Order should be set aside.

---

[1] As made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 9024.

Burden of Proof–Objections to Exemptions

As a starting point, the Court is guided by the general principle that exemptions are to be construed liberally in favor of the debtor in keeping with the Bankruptcy Code's general policy of providing a fresh start to the honest, but unfortunate debtor. Federal Rule of Bankruptcy Procedure 4003(c) states that the burden of proof is on the objecting party, here the Trustee, to prove that the debtor's exemption is not properly claimed.

Amendments to Exemptions

Amendments to schedules are freely given, and the debtor is under an obligation to amend schedules when necessary. The Sixth Circuit Court of Appeals has endorsed this approach in the case of *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). *Lucius* held, in part that:

> [C]ourts may still refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed.

*Lucius*, 741 F.2d at 127.

However, the bad faith/concealment exception noted above has been limited by the United States Supreme Court regarding amendments to exemptions in the case of *Law v. Siegel*, 134 S. Ct. 1188 (2014). In *Siegel*, the Supreme Court held that an exemption may not be disallowed or limited where a debtor fraudulently conceals an exempt asset, determining that courts do not have a general equitable power to deny exemptions based on a debtor's bad faith conduct. *Id*. at 1196-97. The Supreme Court noted that certain exceptions do apply–i.e., certain debts for tax fraud, fraud in connection with student loans, and other specified types of wrongdoing pursuant to Section 522(c), in addition to Section 522(o), which "prevents a debtor from claiming a homestead exemption to the extent [it was] acquired . . . with non exempt property in the previous ten years 'with the intent to hinder, delay, or defraud a creditor.'" *Id*. at 1196. These carefully enumerated exceptions in Section

522, the *Siegel* Court noted, further confirm "that courts are not authorized to create additional exceptions." *Id*. at 1196. The Supreme Court did acknowledge that this limitation applies to federal law only, and that if a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may result in a finding that certain conduct of the debtor warrants a denial or reduction of the exemption. *Id*. at 1196-97.

What was once a complex analysis of good faith when amendments to exemptions are made, is now a simple one under the United States Supreme Court's decision in *Siegel*. The Court concludes that in this case, it lacks discretion to deny Debtors' amended exemptions under *Siegel*, and Michigan law provides no exception to this conclusion..

Because Debtors have elected the Michigan exemptions in this case pursuant to 11 U.S.C. §522(b)(3) and Mich. Comp. Laws Ann. § 600.5451(1)(n), the Court examines the scope of Debtors' exemptions under Michigan law. Under Michigan law, the Court could find no specific authority addressing alleged fraudulent conduct or bad faith or similar such conduct that would provide a basis to deny Debtors' exemptions. While the one case the Court did find, *In re Shuman*, 276 F. 292 (6th Cir. 1921), could be interpreted to lend support to the Trustee's position, the Court concludes that it was not presented with the required factual findings in this case to compare to what this Court considers egregious findings of bad faith by the Sixth Circuit Court of Appeals in *Shuman*. In *Shuman*, the debtor attempted to exempt property, which he fraudulently concealed, the fraudulent concealment being found after specific findings of fact were made that the debtor actively concealed property. *Id*. at 292. In light of these specific factual findings, the *Shuman* Court held that the debtor was not entitled to exemptions under Michigan law under principles of estoppel. *Id*. at 293.

The Court concludes that, unlike *Shuman*, the Trustee has not met her burden of proving the

7

requisite factual findings of fraudulent concealment or similar bad faith or egregious conduct on the part of Debtors do not exist and, thus, no state law exception exists under *Siegel*. The Trustee argues that Debtors' numerous amendments to their Schedules and the timing of such demonstrate Debtors' bad faith. The Trustee bases her Objection on the timing of amendments to Schedules B and C and asserts implications arising from the timing of amendments. Debtors have provided explanations for the amendments. At the January 22, 2014, hearing on the Trustee's Objection to Exemptions, the parties agreed that an evidentiary hearing was not necessary. Without more, the Court cannot conclude bad faith on the part of the Debtors exists, let alone the level of bad faith determined by the *Shuman* Court.

The Court further notes that, even if state law did provide an exception, such does not override 11 U.S.C. § 522(k), which provides that exempt property may not be used for the payment of administrative expenses. This has also been characterized as the classic surcharge of exemptions to pay trustee fees and expenses in administering property. Based upon a review of the Trustee's Annual Report filed on April 21, 2014, it appears that disallowance of exemptions at this point would be used exclusively for payment of administrative expenses, which may still be paid in full or the majority of which will be paid in full even without disturbing Debtors' claimed exemptions. This is directly contrary to Section 522(k), which is an additional requirement concerning exempt property, as well as an additional reason to deny the Trustee's Objection.

8

12-33873-dof    Doc 275    Filed 07/18/14    Entered 07/18/14 14:59:42    Page 8 of 9

<u>Conclusion</u>

For these reasons, the Court denies the Trustee's Objection to the Amended Exemptions of the Debtors. The Court will enter an appropriate Order.

**Not for publication**

**Signed on July 18, 2014**

                                 **/s/ Daniel S. Opperman**
                                 **Daniel S. Opperman**
                                 **United States Bankruptcy Judge**

9

12-33873-dof    Doc 275    Filed 07/18/14    Entered 07/18/14 14:59:42    Page 9 of 9