UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RALPH F. HOLLEY and
MELONEE L. MONSON
a/k/a MELONEE MONSON-HOLLEY

Debtors.

_____/

Case No. 12-33873-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION ON REMAND REGARDING COURT'S MAY 29, 2015, OPINION AS TO THE PAYMENT OF CHAPTER 7 TRUSTEE ADMINISTRATIVE FEES AND EXPENSES

Introduction and Findings of Fact

On May 29, 2015, this Court entered an Opinion Regarding Issue of the Impact on the Payment of Administrative Fees. This Opinion was issued after a hearing was held on February 25, 2015, on the Trustee's Final Report and Account, to which the Debtors objected. In that Opinion, this Court held that while Debtors' interest in their residence was exempt under Michigan law, Debtors had realized the full benefit of their claimed and allowed exemption for purposes of distribution in their bankruptcy case. Thus, this Court held that secured and administrative expenses were to be paid first, with any remaining funds to be paid to Debtors. The day prior, on May 28, 2015, this Court denied the Debtors' Motion for Reconsideration of two previous Orders of this Court: the December 19, 2013, Order Granting the Chapter 7 Trustee's Motion for Authority To Sell Real Property Free and Clear of Liens, Claims and Interests Transferring to the Proceeds of the Sale and to Approve Sale Procedures and for Other Relief; and the December 22, 2013, Order Granting Debtor's Expedited Motion To Modify Sale Amount of the December 19, 2013, Order.

1

Although an Order was not yet entered incorporating the May 29, 2015, Opinion, Debtors filed a Notice of Appeal of such on June 10, 2015. On December 18, 2015, the District Court affirmed both the May 29, 2015, Opinion and the May 28, 2015, Order Denying the Debtors' Motion for Reconsideration. Debtors appealed the District Court's decision to the Sixth Circuit Court of Appeals. On October 25, 2016, in an unpublished decision, the Sixth Circuit Court of Appeals affirmed the District Court as to the May 28, 2015, Order Denying the Debtors' Motion for Reconsideration, and vacated and remanded "the bankruptcy court's orders awarding payment of the Trustee's fees from the sale proceeds." This is the sole issue on remand before this Court.

This Court held a status conference on November 22, 2016, regarding the October 25, 2016, decision of the Court of Appeals. This Court allowed the Trustee and Debtors the opportunity to file briefs on the issue on remand, which both did. The Court has reviewed the October 25, 2016, Court of Appeals' decision, as well as the post-remand briefs, and now issues its decision on remand.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Relevant Findings and Conclusions of the Sixth Circuit Court of Appeals

The Court of Appeals first agreed with this Court that Debtors had properly claimed Michigan's tenancy by the entireties exemption in their residence at the time located at 7545 Heather Mead Lane, West Bloomfield, Michigan. As noted by the Court of Appeals, the residence was sold during this bankruptcy case, and the dispute arose as to distribution of the

2

sale proceeds. In its holding, the Court of Appeals rejected the Trustee's argument that Debtors claimed the Michigan homestead exemption instead, which would limit Debtors' exemption to $70,600. On this point, the Court of Appeals stated:

> The Trustee now argues that the Debtors claimed Michigan's homestead exemption, which limits the value of the Debtors' exemption to $70,600. She reasons that the Debtors' amended schedules cited the statute subsection that was the homestead exemption under the law before Michigan revised the statute. That is, rather than credit the Debtors with recognizing the amended statutory citation, the Trustee asserts that the amended schedules reflected a choice to opt for the homestead exemption instead. The bankruptcy court declined to agree with that contorted reasoning (although not expressly addressing the argument).
>
> . . . .
>
> . . . In sum, we find no basis to overturn the bankruptcy court's conclusion that the Debtors claimed Michigan's [tenancy by the entireties] exemption in their amended 2013 schedules.

*Holley v. Corcoran (In re Holley)*, No. 16-1081, slip op. at 6 (6th Cir. Oct. 25, 2016).

The Court of Appeals had determined, as this Court had, that the exemption was properly taken under M.C.L.A. § 600.5451(1)(n), even though the section numbering changed during the course of Debtors' bankruptcy case from M.C.L.A. § 600.5451(1)(o) to M.C.L.A. § 600.5451(1)(n).

The Court of Appeals, however, reversed this Court's conclusion that the Trustee's administrative expenses may be paid out of the exempt sale proceeds under the facts of the case.

<u>Analysis and Conclusion on Remand</u>

Upon consideration of arguments made at the November 22, 2016, status conference and the briefs filed by the Debtors on November 29, 2016, and by the Trustee on November 30, 2016, the Court concludes as follows. At the November 22, 2016, status conference, the Trustee

3

asserted that the exemptions taken by Debtors is the determinative factor for consideration on remand, and that this Court should hold that the Debtors' exemption in the sale proceeds is limited to the Michigan homestead exemption in the combined amount of $70,600. Both the Debtors and the Trustee agree in their briefs on remand that Docket Numbers 115 and 116 are the relevant docket entries for this Court to consider. Docket Number 115 is Amended Schedule C for Debtor Melonee Monson-Holley, and Docket Number 116 is Amended Schedule C for Debtor Ralph Holley. Both Amended Schedules claimed the Michigan tenancy by the entireties exemption in the residence (now sale proceeds therefrom) under M.C.L.A. § 600.5451(1)(n). The Trustee challenged these exemptions by filing an Objection on October 8, 2013 (Docket No. 164), which this Court denied by Opinion and Order dated July 18, 2014 (Docket Nos. 275 and 276). To this day, these exemptions stand as the last claimed exemptions giving Debtors a Michigan tenancy by the entireties exemption in the sale proceeds from the residence.

On remand, the Trustee again asserts that the timing and nature of the Debtors' amendments to exemptions in their residence necessitate a finding on remand that Debtors' last sets of amended exemptions were taken under the limited Michigan Homestead exemption, rather than the Michigan tenancy by the entireties exemption. In this regard, the Trustee continues to make the same argument argued before the Court of Appeals.

This argument was firmly rejected by the Court of Appeals, as quoted above on Page 6 of its Opinion. This, alone, leads this Court to reject this argument on remand, with no further analysis necessary or appropriate by this Court.

Accordingly, this Court concludes that the Debtors are entitled to their full exemption under Michigan tenancy by the entireties law, M.C.L.A. § 600.5451(1)(n). The Trustee is

directed to pay all proceeds from the sale of the property located at 7545 Heather Mead Lane, West Bloomfield, Michigan, after payment to joint creditors, to the Debtors.

The Court will enter a separate order consistent with this Opinion.

**Signed on January 30, 2017**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**