UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RALPH F. HOLLEY
and MELONEE L. MONSON,
      Debtors.
_____/

Case No. 12-33873-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING DEBTORS' EX-PARTE MOTION FOR
EXPEDITED HEARING TO FURTHER COMPEL CHAPTER 7 TRUSTEE TO
TURNOVER EXEMPT PROPERTY OR BE FOUND IN CONTEMPT OF COURT

Introduction and Statement of Facts

The Debtors request that this Court enforce the mandate of the Sixth Circuit Court of Appeals in this case prohibiting the surcharge of administrative expenses against the Debtors' exempt assets. To accomplish this end, the Debtors filed an Ex-Parte Motion for Expedited Hearing to Further Compel Chapter 7 Trustee to Turnover Exempt Property or Be Found in Contempt of Court, and the Trustee responded to that Motion. After oral argument and a bench opinion, the parties could not agree on the form of an order. The Court heard oral argument regarding the various forms of orders submitted by the Debtors and the Trustee and requested additional information from the Debtors. As part of this process, the Court reviewed the docket and noted an exemption claimed by the Debtors in their tax refunds, which this Court upheld and was not addressed by the Sixth Circuit Court of Appeals. With the goal of finalizing the conclusion of the issues in this case, the Court issues this Opinion.

This Court incorporates the statement of facts of the Sixth Circuit Court of Appeals for purposes of this Opinion. Additionally, this Court notes that on July 18, 2014, it issued an Opinion Denying Chapter 7 Trustee's Objection to Debtors' Amended Claim of Exemptions, including the

1

net proceeds from 7545 Heather Mead Lane, West Bloomfield, Michigan ("Heather Mead Property") and certain tax refunds of the Debtors. Per the Trustee's Report, the Trustee received $320,727.26 from the Heather Mead Property sale and $9,971.15 from the Debtors' 2009-2012 tax refunds. As noted by this Court, the Sixth Circuit Court of Appeals did not address the 2009-2012 tax refunds in its opinion.

The parties and the Court spent considerable time attempting to sort out the various expenses incurred by the Trustee to sell the Heather Mead Property. In reaching its conclusion, the Court reviewed the Trustee's Final Report found at Docket No. 386 and noted many expenses were directly related to the sale of the Heather Mead Property. In many cases, these expenses and obligations of the Debtors attached to the land at the Heather Mead Property. For example, the taxes collected by Oakland County and West Bloomfield, as well as the county and transfer taxes were all connected directly to the Debtors' ownership, and the Trustee's sale, of the Heather Mead Property.

Also, Christine A. D'Luge was owed $176,092.75 as a secured claim by virtue of a mortgage Ms. D'Luge enjoyed on the Heather Mead Property. This amount was likewise properly paid by the Trustee. Finally, one creditor, commonly known as Bobble Clip, Inc., was paid $3,752.33 by the Trustee. As the record was unclear as to the nature of this obligation, the Court allowed the Debtors an opportunity to detail their interaction with the Trustee regarding this obligation, which was reduced to judgment and the subject of a garnishment issued by the 48th District Court on behalf of Bobble Clip, Inc. and against the Chapter 7 Trustee.[1] The Trustee requested the Debtors object

---

[1] It appears this obligation was incurred after each Debtor filed a petition with this Court. To complete a description of the disbursements by the Trustee, Mr. Holley received $6,000 as payment on an unspecified exemption.

2

to this garnishment, but that did not appear to have ever occurred, so the Trustee paid $3,752.33 garnished by Bobble Clip, Inc.

After the March 1, 2017, hearing regarding the Debtors' Motion to Compel, the Trustee tendered $75,918.65 that the Trustee believed is proper given the Sixth Circuit Court of Appeals mandate. The Debtors object to this amount and claim that it is $84,204.32, the total of fees and expenses paid to the Trustee, her attorneys, and her accountant. These amounts are as follows:

>Fee Paid to Collene K. Corcoran - Chapter 7 Trustee $19,484.92
>Fee Paid to Collene K. Corcoran - Chapter 7 Trustee $130.00
>Fee Paid to Beadle Smith PLC, Attorney for Trustee $62,480.00
>Fee Paid to Beadle Smith PLC, Attorney for Trustee $1,334.79
>Fee Paid to Richard A. Pallas, P.C. Accountant for Trustee $740.00
>Fee Paid to Richard A. Pallas, P.C. Accountant for Trustee $34.61

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

## Analysis

Initially, the Court concluded that the Trustee was correct that the Sixth Circuit Court of Appeals did not address the Debtors' claimed exemptions in the 2009-2012 tax refunds. On closer examination, however, it appears that this Court previously ruled that the Debtors' exemptions were proper regarding the 2009-2012 tax refunds, so it appears that issue did not need to be addressed by the Sixth Circuit Court of Appeals. With that understanding, the Court only needs to now deal with the amount of the expenses properly attributed to the sale of the Heather Mead Property or, as stated by the Debtors, the amount of funds paid by the Trustee to herself, her attorneys, and her accountant.

The Debtors' calculations are correct in that the total amount paid equals $84,204.32. Per the direction of the Sixth Circuit Court of Appeals, this is the amount that should be tendered to the Debtors. All other remaining amounts collected by the Trustee were properly paid secured claims, sale costs, exemptions, or the post-petition obligations owed to Bobble Clip, Inc. that was garnished and not challenged by the Debtors. The expenses noted above, which total $52,906.38 are proper, as well as the payment of $176,092.75 to the secured creditor, Christine A. D'Luge. Likewise, since no objection was filed to the garnishment by Bobble Clip, Inc., $3,752.33 was properly paid by the Trustee and should not be recouped by the Trustee for the benefit of the Debtors. Otherwise, the Debtors' line items totaling $84,204.32 is correct.

The Debtors have also requested that this Court assess sanctions or charges against the Trustee for failing to pay the exempt funds upon the request of the Debtors. With this unique set of circumstances, plus given the Trustee's turnover of $75,918.65 that she believed was the proper amount per the Sixth Circuit Court of Appeals mandate, this Court sees no present reason to assess such sanctions or charges. The Court will, however, direct the Trustee to pay the remaining funds, which it calculates to be $8,285.67 ($84,204.32 - $75,918.65) by July 14, 2017. The Court will enter an order consistent with this Opinion.

**Not for Publication**

```
Signed on June 16, 2017
                                            /s/ Daniel S. Opperman
                                       Daniel S. Opperman
                                       United States Bankruptcy Judge
```