UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RALPH F. HOLLEY and
MELONEE L. MONSON
a/k/a MELONEE MONSON-HOLLEY

Case No. 12-33873-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Debtors.
_____/

OPINION REGARDING MOTIONS FOR RECONSIDERATION FILED BY THE CHAPTER 7 TRUSTEE AND DEBTORS OF THIS COURT'S JUNE 16, 2017 OPINION AND ORDER

Both the Chapter 7 Trustee and the Debtors have filed Motions for Reconsideration of the Court's June 16, 2017 Opinion and Order Regarding Debtors' Ex-Parte Motion for Expedited Hearing To Further Compel Chapter 7 Trustee To Turnover Exempt Property or Be Found in Contempt of Court ("Turnover Order"). The Trustee argues that the Court did not address and account for two distributions received by the Debtors during the course of this case in the Turnover Order. The first was a $6,000.00 distribution ordered by the Court in its November 26, 2014 Order, which was distributed by the Trustee to Debtors in that amount. The second was the $3,752.33 amount garnished by a creditor of Debtors on a post-petition debt, which was paid by the Trustee from the sale proceeds. In their Motion for reconsideration, Debtors assert that all proceeds from the sale of their exempt real estate must be turned over. Debtors continue to assert that their tax refunds in the amount of $9,971.15 intercepted by the Chapter 7 Trustee and administered by the Trustee in the normal course of her administration in this case must also be turned over to Debtors.

1

Pursuant to E.D. Mich. LBR 9024-1(a)(3), motions for reconsideration may be filed within fourteen days after the order is issued and should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect; further, a motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted). *See also Hansen v. Moore (In re Hansen)*, 368 B.R. 868 (B.A.P. 9th Cir. 2007).

Both Motions were timely filed. As noted by the Court at the August 30, 2017 hearing on these Motions, a basis for reconsideration of the Turnover Order could exist. If the Court found a palpable defect to exist, the question that remained would be the proper calculation of

the amount to be turned over. Therefore, the Court requested post-hearing briefs as to this calculation. The Court has considered the record before it, as well as the post-hearing submissions of the Trustee and Debtors.

The Court finds a palpable defect warranting a different result exists in the case. The result this Court concludes must be changed is the calculation of the final amount to be turned over to Debtors by the Trustee. The realtor commissions and related costs of the sale of the subject real property are administrative expenses, which must be accounted for and which must not be charged against the Debtors' validly allowed exemption pursuant to the Sixth Circuit Court of Appeals' directive under *Law v. Siegel*, 134 S. Ct. 1188 (2014). The Court has reviewed the Trustee's Final Report and Account filed on January 26, 2015 (Docket No. 335), which indicates gross sale proceeds received by the estate from the sale of the subject real property of $320,727.26, which includes the $105.60 water credit later given. The Court did not originally start with this amount, but rather totaled the administrative expenses of the Trustee, her attorney, and her accountant, and determined the total of those expenses, $84,204.32, was the amount that should have been turned over. This calculation was in error because such did not account for other administrative expenses: the real estate agent's commission of $13,530.00, as well as various fees and costs connected with the sale.

Initially, the Court addresses the issue of the $9,971.15 in tax refunds for tax years 2009 through 2012. These tax refunds were not addressed by the Sixth Circuit Court of Appeals in its Mandate; thus, that Court has not ruled specifically on turnover of such. However, a directive from this Court at this late stage in this case is needed. These tax refunds in the full amount of $9,971.15 were allowed as exempt per the Court's July 18, 2014 Opinion and Order Denying the

3

Trustee's objection to exemptions. This amount must also be turned over to Debtors.

The easier method to calculate the amount that must be turned over to Debtors is to use the approach offered by Debtors in their October 3, 2017 filing: start with the total amount collected by the Trustee (which amounts are exempt as explained in this Opinion), subtract the amounts paid to creditors of both Debtors, and credit the amounts already paid to Debtors, which gives the amount that should be turned over to Debtors. Accordingly:

```
 $320,727.26   Proceeds from 7545 Heather Mead
+$   9,971.15  Tax refunds
 $330,698.41[1]
-$207,373.63   Liens on 7545 Heather Mead
 $123,324.78
-$ 93,956.65   Amounts previously paid to Debtors
 $ 29,368.13   Amount to be turned over to Debtors
```

This method also holds closest to the *Law* and Sixth Circuit's directive in this case, which instructs this Court to not surcharge any Chapter 7 administrative expenses or costs against exempt assets.

Counsel for Debtors is directed to prepare an Order consistent with this Opinion and the entry of order procedures of this Court.

**Not for publication**

**Signed on October 23, 2017**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

---

[1] The Trustee and Debtors both mention a water bill credit ranging from $100-$105 withheld from the proceeds of the sale of 7545 Heather Mead. This amount does not appear in the Trustee's account, so the Court uses the amounts disclosed by the Trustee in her report. For that reason, the Court's calculations differ from those of Debtors.