UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Ralph Holley and Melonee Monson-Holley,           Case No. 12-33873-jda
                                                            Chapter 7
                       Debtors.                          Hon. Joel D. Applebaum

_____/

## OPINION DENYING DEBTORS' MOTION TO COMPEL TRUSTEE TO TURNOVER EXEMPT PROPERTY

This matter is before the Court on the Motion of Debtors, Ralph Holley and Melonee Monson-Holley, to Compel Trustee to Turnover Exempt Property. While this case has a very long and complicated history, the sole issue before the Court is a narrow one and, therefore, a lengthy factual recitation is unnecessary.[1] The Trustee used the proceeds from the sale of Debtors' home to pay various administrative expenses in reliance on an order of the Bankruptcy Court entered on May 29, 2015 (Dkt. No. 374).[2] Debtors objected to the distribution of those proceeds, arguing that they were exempt as entireties property. Debtors appealed but did not seek or obtain a stay pending appeal. The United States District Court for the Eastern District of Michigan affirmed (Dkt. No. 490) but, in late October 2016, the United States Court of Appeals for the Sixth Circuit reversed and remanded to this Court. *In re Holley*, 661 Fed. Appx. 391 (6th Cir. 2016). On remand, this Court ordered the Trustee to turn over to Debtors the sum of $20,036.68, an amount which included, among other things, payments made to the Trustee and her professionals (Dkt. No. 451)

---

[1] This case was filed in 2012 and has been appealed multiple times to both the United States District Court for the Eastern District of Michigan and the United States Court of Appeals for the Sixth Circuit. The factual history of this case was succinctly stated in the Sixth Circuit's opinion and in the District Court's opinion issued on October 30, 2019.

[2] This case was originally assigned to the Hon. Daniel Opperman. On June 5, 2019, the case was reassigned to the Hon. Joel D. Applebaum.

(the "Turnover Order"). The Turnover Order was affirmed by the District Court (Dkt. No. 490). After the Trustee disgorged all of her fees, together with all fees and expenses of her professionals and, subsequent to the filing of the instant motion, a real estate commission of $13,530.00, there remains unpaid a balance due to Debtors under the Turnover Order of $6,506.68. The Trustee is unable to recover funds to pay this balance, the estate's coffers are completely empty and no further distributions to Debtors will occur. The sole issue now before the Court is whether the Trustee is personally liable to Debtors because she cannot fully comply with the Court's Turnover Order. For the following reason, the Court concludes the Trustee is not personally liable and, therefore, Debtors' Motion is DENIED.

Whether the Trustee is personally liable for the unpaid balance of $6,506.68 requires consideration of the Trustee's immunity. As the Sixth Circuit has recognized, "[C]ase law governing personal liability for trustees has been described by several courts as confusing and sometimes contradictory." *Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 412 (6th Cir. 2013), *cert. den*. 571 U.S. 955 (2013) (internal citations omitted). Nevertheless, *all* courts that have considered the issues agree that bankruptcy trustees "are entitled to absolute immunity for all actions taken pursuant to court orders." *Baron v. Sherman (In re Ondova Ltd. Co.),* 914 F.3d 990, 993 (5th Cir. 2019). *Accord*, *Gross v. Rell*, 695 F.3d 211, 216 (2nd Cir. 2012); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 753 (4th Cir. 1993); *Gregory v. U.S.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Lunan v. Jones (In re Lunan)*, 489 B.R. 711, 730 (Bankr. E.D. Tenn. 2012). *See McKenzie,* 716 F.3d at 414 ("a trustee may shield himself from personal liability for breach of his fiduciary duties by obtaining prior approval for actions within the scope of his official duties").

In the present case, in a good faith effort to comply with the Turnover Order, the Trustee disgorged all of her fees, and successfully sought and obtained recovery of all sale proceeds distributed to her professionals in payment of fees, real estate broker commissions and expenses. The Trustee has no ability to satisfy the outstanding balance owing under the Turnover Order other than to draw on her own personal assets. Requiring her do so, however, would be tantamount to imposing personal liability for actions taken in reliance on this Court's May 29, 2015 Order, actions for which she is cloaked with *absolute* immunity.

In light of the Court's conclusion that the Trustee is entitled to absolute immunity because she acted in reliance on this Court's May 29, 2015 Order, Debtors' Motion to Compel the Trustee to Turnover Exempt Property is DENIED.

**NOT FOR PUBLICATION**

**Signed on April 16, 2020**

/s/ Joel D. Applebaum
Joel D. Applebaum
United States Bankruptcy Judge